UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES ROBERT ADAMS, <br><br> Plaintiff, <br><br> v. <br><br> FORD MOTOR CREDIT, et al, <br><br> Defendants. | 1:06-cv-1640-OWW-SMS <br><br> ORDER GRANTING PLAINTIFF'S MOTION TO PROCEED IN FORMA PAUPERIS (DOC. 2) <br><br> ORDER DISMISSING PLAINTIFF'S COMPLAINT WITH LEAVE TO FILE A FIRST AMENDED COMPLAINT NO LATER THAN THIRTY DAYS AFTER THE DATE OF SERVICE OF THIS ORDER (DOC. 1) <br><br> ORDER DIRECTING THE CLERK TO SEND TO PLAINTIFF A BLANK CIVIL RIGHTS COMPLAINT FORM FOR A PERSON IN CUSTODY |

Plaintiff is a state prisoner housed at Jamestown proceeding pro se with an action for damages and other relief. The matter has been referred to the Magistrate Judge pursuant to 28 U.S.C. § 636(b) and Local Rules 72-302 and 72-304.

I. <u>Application to Proceed in Forma Pauperis</u>

Plaintiff has submitted a declaration and attachments that make the showing required by § 1915(a). Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

Pursuant to 28 U.S.C. § 1915(b)(1), Plaintiff is required to

1

pay the statutory filing fee of $350.00 for this action.[1]  No initial partial filing fee with be assessed by this order because Plaintiff has no funds in his prison trust account. 28 U.S.C. § 1915(b)(1). By separate order, the Court will direct the appropriate agency to collect the filing fee in monthly payments of twenty percent of the preceding month's income credited to Plaintiff's prison trust account. These payments will be forwarded by the appropriate agency to the Clerk of the Court each time the amount in Plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

## II. Screening the Complaint

In cases wherein the plaintiff is proceeding in forma pauperis, the Court is required to screen cases and shall dismiss the case at any time if the Court determines that the allegation of poverty is untrue, or the action or appeal is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. 1915(e)(2).[2]

Fed. R. Civ. P. 8(a) provides:

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain (1) a short and plain statement of the grounds upon which the court's jurisdiction depends, unless the court already has jurisdiction and the claim needs no new grounds of jurisdiction

---

[1] The filing fee for civil actions is $350.00. 28 U.S.C. § 1914, as amended effective April 8, 2006. Pub. L. No. 109-171, 120 Stat. 4 (2006).

[2] The Court will screen the complaint and any amended complaint that is filed and will issue an order determining that claims against specific defendants have been stated before the Court will direct that the complaint be served on any defendant.

> to support it, (2) a short and plain statement
> of the claim showing that the pleader is entitled
> to relief, and (3) a demand for judgment for
> the relief the pleader seeks. Relief in the
> alternative or of several different types
> may be demanded.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. <u>Jones v. Community Redev. Agency</u>, 733 F.2d 646, 649 (9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. <u>Id.</u> Although a complaint need not outline all elements of a claim, it must be possible to infer from the allegations that all elements exist and that there is entitlement to relief under some viable legal theory. <u>Walker v. South Cent. Bell Telephone Co.</u>, 904 F.2d 275, 277 (5th Cir. 1990); <u>Lewis v. ACB Business Service, Inc.</u>, 135 F.3d 389, 405-06 (6th Cir. 1998).

In reviewing a complaint under this standard, the Court must accept as true the allegations of the complaint in question, <u>Hospital Bldg. Co. v. Trustees of Rex Hospital</u>, 425 U.S. 738, 740 (1976), construe the pro se pleadings liberally in the light most favorable to the Plaintiff, <u>Resnick v. Hayes</u>, 213 F.3d 443, 447 (9th Cir. 2000), and resolve all doubts in the Plaintiff's favor, <u>Jenkins v. McKeithen</u>, 395 U.S. 411, 421 (1969).

If the Court determines that the complaint fails to state a claim, leave to amend should be granted to the extent that the deficiencies of the complaint can be cured by amendment. <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). A

complaint, or a portion thereof, should only be dismissed for failure to state a claim upon which relief may be granted if it appears beyond doubt that the Plaintiff can prove no set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984), citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners' Ass'n., Inc., 651 F.2d 1289, 1294 (9th Cir. 1981). Dismissal of a pro se complaint for failure to state a claim is proper only where it is obvious that the Plaintiff cannot prevail on the facts that he has alleged and that an opportunity to amend would be futile. Lopez v. Smith, 203 F.3d at 1128.

A claim is frivolous if it lacks an arguable basis either in law or fact. Neitzke v. Williams, 490 U.S. 319, 324 (1989). A frivolous claim is based on an inarguable legal conclusion or a fanciful factual allegation. Id. A federal court may dismiss a claim as frivolous if it is based on an indisputably meritless legal theory or if the factual contentions are clearly baseless. Id.

The test for malice is a subjective one that requires the Court to determine whether the applicant is proceeding in good faith. Kinney v. Plymouth Rock Squab. Co., 236 U.S. 43, 46 (1915); see Wright v. Newsome, 795 F.2d 964, 968 n. 1 (11th Cir. 1986). A lack of good faith is most commonly found in repetitive suits filed by plaintiffs who have used the advantage of cost-free filing to file a multiplicity of suits. A complaint may be inferred to be malicious if it suggests an intent to vex the defendants or abuse the judicial process by relitigating claims

decided in prior cases, Crisafi v. Holland, 655 F.2d 1305, 1309 (D.C.Cir. 1981); if it threatens violence or contains disrespectful references to the Court, id.; or if it contains untrue material allegations of fact or false statements made with knowledge and an intent to deceive the Court, Horsey v. Asher, 741 F.2d 209, 212 (8th Cir. 1984).

### III. Plaintiff's Complaint

Plaintiff filed his complaint on a form for complaints brought under the Civil Rights Act, 42 U.S.C. § 1983. Plaintiff names Ford motor Credit in the caption, but he also names Allstate Insurance Company as the sole defendant. Plaintiff alleges that at an unspecified time he purchased a new 2006 Ford Focus which was covered by an Allstate insurance policy; at a time when his insurance policy was "current," Plaintiff crashed the car, had it towed to a shop for repairs, but was denied his insurance claim by the insurer. This in turn caused the shop to file a lien on the car, but Ford Credit, the first lienholder, repossessed his car even though he was current on his payments. Plaintiff seeks monetary damages and punitive damages of $3,500,000.00.

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law]... subjects, or causes to be subjected, any citizen of the United States... to the deprivation of any rights, privileges, or immunities secured by the Constitution... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. To state a claim pursuant to § 1983, a plaintiff must plead that defendants acted under color of state

5

law at the time the act complained of was committed and that the defendants deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States. Gibson v. United States, 781 F.2d 1334, 1338 (9th Cir. 1986).

It does not appear that Plaintiff is asserting that any governmental officer or employee deprived Plaintiff of any civil rights while proceeding under color of state law. It appears that Plaintiff is asserting a claim in the nature of a civil contractual claim against a private party.

Further, it does not appear that Plaintiff has alleged facts that would show jurisdiction in this Court on any other basis.

IV. Amendment of Complaint

In summary, the Court finds it necessary to dismiss the complaint in its entirety. Plaintiff has failed to state a cognizable claim against the defendants and has failed to plead facts demonstrating jurisdiction in this Court. However, it is possible that Plaintiff can allege a set of facts, consistent with the allegations, in support of the claim or claims that would entitle him to relief. Thus, the Court will grant Plaintiff an opportunity to amend the complaint to cure the deficiencies of this complaint. Failure to cure the deficiencies will result in dismissal of this action without leave to amend.

A complaint must contain a short and plain statement as required by Fed. R. Civ. P. 8(a)(2). Although the Federal Rules adopt a flexible pleading policy, a complaint must give fair notice and state the elements of the claim plainly and succinctly. Jones v. Community Redev. Agency, 733 F.2d 646, 649

6

(9th Cir. 1984). Plaintiff must allege with at least some degree of particularity overt acts which the defendants engaged in that support Plaintiff's claim. Id.

In addition, Plaintiff is informed that the Court cannot refer to a prior pleading in order to make Plaintiff's amended complaint complete. Local Rule 15-220 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. See Loux v. Rhay, 375 F.2d 55, 57 (9th Cir. 1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

V. Directions to Clerk

The Clerk of the Court IS DIRECTED to send to Plaintiff a blank civil rights form for an incarcerated plaintiff.

Accordingly, it IS ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis is granted; and

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action; Plaintiff is not assessed an initial partial filing fee; all fees shall be collected and paid in accordance with this Court's order to the Director of the California Department of Corrections filed concurrently herewith; and

3. Plaintiff's complaint IS DISMISSED with leave to amend; and

7

    4. Plaintiff IS GRANTED thirty days from the date of service of this order to file a first amended complaint that complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, and the Local Rules of Practice; the amended complaint must bear the docket number assigned this case and must be labeled "First Amended Complaint"; failure to file an amended complaint in accordance with this order will be considered to be a failure to comply with an order of the Court pursuant to Local Rule 11-110 and will result in dismissal of this action; and

    5. The Clerk IS DIRECTED to send to Plaintiff a blank civil rights complaint form for a person in custody.

IT IS SO ORDERED.

**Dated:   December 21, 2006**            **/s/ Sandra M. Snyder**
icido3                                    UNITED STATES MAGISTRATE JUDGE